**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY LYNN MOORE,

Defendant - Appellant.

No. 25-2398

D.C. No.
1:18-cr-00237-DCN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted October 15, 2025[**]

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Jerry Lynn Moore appeals pro se from the district court's order denying his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Moore contends that the district court improperly punished him for his medical choices when it found that, because Moore was refusing treatment, his cancer was not an extraordinary and compelling circumstance. The record, however, supports the court's finding that Moore had declined treatment, and the court did not abuse its discretion in concluding that "a defendant who willingly worsens his medical condition by refusing practical, available, and free treatment does not provide a 'compelling' medical circumstance to justify compassionate release." *See United States v. Robertson*, 895 F.3d 1206,1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record). In any event, the district court separately denied Moore's motion under the 18 U.S.C. § 3553(a) factors, and Moore does not challenge that conclusion, which is alone enough to affirm. *See Wright*, 46 F.4th at 947-48.

To the extent Moore provides new medical information that was not before the district court, we do not consider it. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Moore's challenges to his conviction and sentence are outside the scope of a § 3582(c)(1)(A) proceeding. *See Dillon v. United States*, 560 U.S. 817, 831 (2010).

**AFFIRMED.**